UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1983

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No._____ |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| | Title 8, U.S.C., § |
| v. | 1324(a)(1)(A)(iv)-Inducing and |
| | Encouraging Illegal Alien(s) |
| **Hector CORRALES-Valenzuela (D1)** | To Enter the United States |
| **Jesus PASILLAS-Vargas (D2)** | |
| **Diego RENTERIA-Ortiz (D3)** | Title 18, U.S.C. § 1544 |
| | Misuse of Passport |
| Defendant. | (Felony) |

The undersigned complainant being duly sworn states:

### Count 1

On or about **June 27, 2008**, within the Southern District of California, defendant **Hector CORRALES-Valenzuela**, did encourage and induce aliens, namely **Jesus PASILLAS-Vargas** and **Diego RENTERIA-Ortiz** with the intent to violate the immigration laws of the United States, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States is and will be in violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

### Count 2

That on or about **June 27, 2008**, within the Southern District of California, defendant **Hector CORRALES-Valenzuela** did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. passport number 309250413, issued to Carlos Noriega to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Carlos Noriega, and that the passport was not issued or designed for his use, in violation of Title 18, United States Code, Section 1544.

### Count 3

That on or about **June 27, 2008**, within the Southern District of California, defendant **Jesus PASILLAS-Vargas** did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. passport number 038473905, issued to George Nunez to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not George Nunez, and that the passport was not issued or designed for his use, in violation of Title 18, United States Code, Section 1544.

### Count 4

That on or about **June 27, 2008**, within the Southern District of California, defendant **Diego RENTERIA-Ortiz** did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. passport number 038255318, issued to Gabriel J. Garcia to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Gabriel J. Garcia, and that the passport was not issued or designed for his use, in violation of Title 18, United States Code, Section 1544.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **30th** DAY OF **June 2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Michael Pederson, declare under penalty of perjury the following to be true and correct:

On **June 27, 2008** at approximately **8:00 AM, Hector CORRALES-Valenzuela (Defendant)** made application for admission into the United States driving a white, 1982 Toyota Pickup at the San Ysidro Port of Entry bearing California license plate number 7S83655. Defendant presented a US Passport (#309250413) bearing the name Carlos Noriega for himself to a CBP Primary Officer. The CBP Primary Officer received two negative Customs declarations and asked Defendant (1) where he and the other two occupants were going. Defendant (1) stated that they were all traveling to San Diego. The CBP Primary Officer then received a notification of a computer generated referral and referred the vehicle to the secondary lot for further inspection.

In secondary, a CBP Officer discovered that all three occupants of the vehicle were impostors to the United States passports presented. The individuals are now identified Defendants (2) and (3): **Jesus PASILLAS-Vargas (Defendant 2), and Diego RENTERIA-Ortiz (Defendant 3).** D2 presented United States passport number 038473905, bearing the name George Nunez to a CBP Officer. D3 presented United States passport number 038255318, bearing the name Gabriel J. Garcia to a CBP Officer. All three Defendants were escorted to the Port Enforcement Team for further disposition. All three Defendants were determined to be citizens of Mexico with no entitlements to enter, pass-through, or reside in the United States.

On June 27, 2008 at approximately 2:53 PM, during a videotaped proceeding, a Department of State Bureau of Diplomatic Security Special Agent as witnessed by a CBP Enforcement Officer advised Defendant of his Miranda Rights in the Spanish language. During the interview, Defendant was lucid and did not appear to be ill, intoxicated or under the influence of drugs. He was responsive and appeared capable of communicating, and he offered appropriate responses to questions. He did not appear to be unusually nervous or fearful. Defendant did not request or receive any bodily comforts during the interview and no promises or threats were made to elicit the statement. No breaks were taken during the interview and it ended at about 3:47 PM. Defendant acknowledged his rights and elected to answer questions without an attorney present.

Defendant 1 made the following statement: D1 admitted that he is a citizen of Mexico by virtue of birth in Mexicali, Baja California, Mexico. D1 admitted that he attempted entry into the United States today, by presenting a United States passport that does not belong to him. D1 stated that he was to pay a discounted smuggling fee of $300.00 for driving the vehicle, that he knew he had two other undocumented aliens in it that were also impostors to United States passports.

D1 further stated that he met the unknown smuggler in downtown Tijuana, Mexico through a friend of his named Javier. D1 stated that he was to drive the vehicle to the Jack in the Box restaurant in San Ysidro, where he was to be picked up. Someone on the United States side was then going to take the vehicle and drive the remaining two occupants further north. D1 stated that all three defendants received their impostor passports together in Tijuana, Mexico from the smuggler and he knew the other defendants were not the lawful owners of the documents.

D1 further stated that he until last year, he had been a Permanent Resident Alien. D1 explained that he was arrested for smuggling ninety pounds of marijuana and was subsequently deported by

an Immigration Judge. D1 stated that he has not applied for a waiver from the Attorney General or the Secretary of Homeland Security.

On June 27, 2008 at approximately 1505 hrs, a Special Agent with the U.S. Department of State, Diplomatic Security Service and a CBP Enforcement Officer interviewed D2 at the San Ysidro Port of Entry. During the interview, D2 was lucid and did not appear to be ill, intoxicated or under the influence of drugs. He was responsive and appeared capable of communicating, he offered appropriate responses to questions. He did not appear to be unusually nervous or fearful. Defendant did not request or receive any bodily comforts during the interview and no promises or threats were made to elicit the statement. No breaks were taken during the interview and it ended at about 4:50 PM. D2 acknowledged his rights and elected to answer questions without an attorney present.

Defendant (2) made the following statement: D2 admitted that his true name is Jesus PASILLAS-Vargas, that his true date of birth was May 10, 1964, that his true place of birth was in Mexico, and that the U.S. Passport he used today was not issued to him for his use. D2 admitted that he purchased the U.S Passport for $2,500 in Tijuana, Mexico. D2 stated that he had previously lived and worked in the United States. D2 stated that he was told by the individual he purchased the aforementioned passport from to get into a vehicle and use the passport as proof of identity.

On June 27, 2008 at approximately 4:20 PM, a Special Agent of the U.S. Department of State, Diplomatic Security Service and a CBP Enforcement Officer interviewed D3 at the San Ysidro Port of Entry. During the interview, D3 was lucid and did not appear to be ill, intoxicated or under the influence of drugs. He was responsive and appeared capable of communicating, and he offered appropriate responses to questions. He did not appear to be unusually nervous or fearful. D3 did not request or receive any bodily comforts during the interview and no promises or threats were made to elicit the statement. No breaks were taken during the interview and it ended at about 4:55 PM. D3 acknowledged his rights and elected to answer questions without an attorney present.

Defendant (3) made the following statement: D3 admitted that his true name is Diego RENTERIA-Ortiz and that he was born on November 17, 1977 in Mexico. D3 stated that he is a citizen of Mexico with no legal entitlements to enter the United States. D3 stated that he was to pay $1,500 U.S. dollars for the use of the U.S. Passport he used in his attempt to cross into the United States. D3 stated the person who sold him the passport had asked him and the other two people he was with if any of them would like a discount on the purchase price of the passport by driving the vehicle with the other two people inside. D3 stated he did not drive, but the other person (the driver) agreed to drive for the discounted price. D3 stated he had been in contact with CBP or U.S. Border Patrol on two previous occasions, but had never been arrested. D3 stated he was not given permission by any official or governmental body of the U.S. to enter the country. D3 was not issued, nor has applied for issuance of a Resident Alien card or U.S. Visa.

EXECUTED ON THIS 27th DAY OF **June 2008** AT The San Ysidro Port of Entry.

Michael Pederson / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (3) page(s), I find probable cause to believe that Defendant (1) named therein committed the offense on **June 27, 2008** in violation of Title 8, United States Code, Section 1324 and Title 18, U.S.C. § 1544, (Counts 1 & 2).

On the basis of the facts presented in the Probable Cause Statement consisting of (3) page(s), I find probable cause to believe that Defendant (2) named therein committed the offense on **June 27, 2008** in violation of Title 18, U.S.C. § 1544, (Count 3).

On the basis of the facts presented in the Probable Cause Statement consisting of (3) page(s), I find probable cause to believe that Defendant (3) named therein committed the offense on **June 27, 2008** in violation of Title 18, U.S.C. § 1544, (Count 4).

_[signature]_
MAGISTRATE JUDGE

6/28/08 at 3:03 PM
DATE / TIME